■ HAWKINS COVE OIL SUPPLY CORPORATION, Appellant, v NASSAU COUNTY et al., Respondents.—In an action *inter alia,* to permanently enjoin the defendants from enforcing Nassau County Fire Prevention Ordinance No. 51-81, § 3.4 (e), the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), dated April 26, 1985, which at the close of the plaintiff's direct case, granted the defendants' motion to dismiss the complaint for failure to state a cause of action.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The ordinance the plaintiff challenged (Nassau County Fire Prevention Ordinance No. 51-81, § 3.4 [e]) differentiates between bulk storage plants which receive shipments of flammable or combustible liquids via rail, pipeline, or tank vessel, and those which receive such shipments via tank vehicle, and

provides that as to the former facilities, "[s]urveillance service shall be performed between the hours of 5 P.M. and 8 A.M. daily, and for twenty-four (24) hours on Saturdays, Sundays, and Holidays *when the plant is closed.* For the purpose of this Ordinance, a plant shall be deemed to be closed when there is no person or persons on the premises of the plant who is able to visually observe the functions and condition of the plant and equipment at least once every hour. The schedule and assignment of personnel shall be posted in the main office on the premises" (emphasis added).

The plaintiff, a corporation which operates a bulk storage plant for the storage of heating oil, brought this action seeking to permanently enjoin the defendants from enforcing the challenged ordinance and for treble damages alleging, *inter alia,* that the ordinance lacks a rational basis for distinguishing between marine terminals and land terminals, discriminates against it, and creates an unlawful restraint of trade.

At the trial, the plaintiff presented evidence that the county's sole rationale for enacting the challenged provision was its concern with the substantially larger amounts of spillage possible during deliveries of oil via water, rail or pipeline, as opposed to the relatively limited amount of spillage possible during delivery from a tank truck. The trial court dismissed the action at the close of the plaintiff's case, finding an absence of proof to support either an unlawful restraint of trade, any discriminatory application of the ordinance or that the ordinance lacked a rational basis. While we sustain the trial court's findings as to the failure of proof on the restraint of trade and discriminatory application issues, we find that the evidence adduced on the plaintiff's direct case was sufficient to establish prima facie that the legislative enactment is unreasonable.

In order to sustain its prima facie burden of proof, the plaintiff was required to overcome the strong presumption of constitutionality which the ordinance, valid on its face, carries, and demonstrate that no reasonable justification exists for the distinction between the type of bulk storage plants created by the ordinance *(see, Lighthouse Shores v Town of Islip,* 41 NY2d 7, 11-13). The plain language of the challenged provision indicates that under the ordinance, surveillance services are required to be provided by marine terminals only when there are no plant employees on the premises. However, it was established that plant employees would be on the premises to accept off-hours deliveries. Therefore, no watchman is in fact required by the ordinance to be present during

such deliveries. Thus, the ordinance requires the presence of a watchman when no deliveries are taking place, which would offer no protection against the evil which the ordinance was allegedly enacted to guard against, namely, possible spillage occurring during deliveries.

Had the ordinance required the presence of a designated watchman during and immediately following all off-hours deliveries the distinction made between the two types of plants might be considered rational and justifiable. However, in such a case the distinction which the ordinance makes between plants receiving large oil shipments and those that receive smaller shipments by tank vehicle cannot withstand scrutiny since many plants which receive shipments by tank vehicle have storage capacities larger than the plaintiff's.

In sum, the plaintiff's evidence has established prima facie that no reasonable basis exists for the distinction in the ordinance between types of plants required to provide full-time surveillance and those that need not provide full-time surveillance (see, Lighthouse Shores v Town of Islip, supra). Nevertheless, no final determination may be rendered by this court on the appeal since the defendants were denied an opportunity to present evidence in support of its assertion that the distinction created by the ordinance is rational. We therefore remit the matter for a new trial. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.